Filed 8/25/25  Estate of Osalvo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of ROSA OSALVO, Deceased. | |
| DEPAK KHIANI, <br>     Petitioner and Appellant, <br> v. <br> LAKSHMI KHIANI YABUT et al., <br>     Objectors and Respondents. | A171903 <br><br> (San Francisco City & County Super. Ct. No. PES-23-306853) |

In this probate proceeding, the decedent's son Depak Khiani (Son) appeals from the probate court's order denying his petition for probate of a lost will and his objections to the petition of the decedent's daughter, Lakshmi Khiani Yabut (Daughter).  Son argues the probate court erred in denying his petition and overruling his objections without holding an evidentiary hearing.  We affirm.

BACKGROUND

Rosa Osalvo (Decedent) died in November 2023.  She had no surviving spouse; two children, Son and Daughter; and one grandchild, Daughter's child Jennifer Cayanan (Grandchild).

In December 2023, Daughter filed a petition for probate of a 1993 will leaving Decedent's entire estate to Daughter and Grandchild, and expressly leaving nothing to Son.  Son, acting in propria persona, filed a contest and

1

objection, averring that Decedent told him "she had made another a [*sic*] new will in 2002, revoking her 1993 will" and giving "all of her assets to me and [Daughter] in equal shares." Son further averred that he had a "video recording" of Daughter "telling me that there was a 2002 will," but when he and Daughter looked for this will at Decedent's home, they "were unable to locate it or any copy of it." Son also filed a petition for probate of a lost will.[1]

Daughter submitted a declaration in response to Son's will contest. Daughter averred that the 1993 will "was last in Decedent's possession," "Decedent never told me that she created a will in 2002 that superseded her 1993 will and divided her property equally between myself and [Son]," "I previously told [Son] that [Grandchild] had seen a will in 2002, but that will was the executed 1993 will, not a will executed in 2002," and "I am unaware of the existence of a will executed in 2002." In a verified filing objecting to Son's will contest and petition for probate, Grandchild stated she "has never seen or heard of a will of the [D]ecedent executed in or near the year 2002," and "never saw any will or estate plan in the possession of the [D]ecedent other than the will that has been submitted for probate dated November 2, 1993." Both Daughter and Grandchild averred that Decedent affirmatively told them she did not want to leave anything to Son.

A hearing on both petitions for probate was held in March 2024. The hearing was continued several times to allow Son to retain an attorney, to allow the newly retained attorney time to review the case, to allow Son to retain another attorney, and to allow that new attorney time to review the case. The hearing was finally set for August 19. Prior to the August 19 hearing, Son, now represented by counsel, submitted a declaration making

---

[1] Son subsequently filed and then withdrew two additional probate petitions.

2

corrections to his petition, averring, "I have not found up to this time a copy of the lost will," and averring additional facts.

At the August 19, 2024 hearing, following argument on the petitions, the court denied Son's petition and granted Daughter's petition, overruling Son's objections. Letters testamentary subsequently issued.

DISCUSSION

Son's sole claim of error on appeal is that the probate court erred by denying his petition and overruling his objections based solely on declarations and verified pleadings, without holding an evidentiary hearing. We reject the claim.

" '[T]he Probate Code limits the use of affidavits to "uncontested proceeding[s]." ' " (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 377.) However, "the restriction on the use of declarations in contested probate hearings is inapplicable when 'the parties d[o] not object to the use of affidavits in evidence and both parties adopt[] that means of supporting their positions.' " (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309.) All parties below relied on verified pleadings and/or declarations, and Son does not identify any part of the record demonstrating he objected to the use of declarations and verified pleadings or requested an evidentiary hearing.[2] Under these circumstances, the probate court did not err by ruling based on the declarations and verified pleadings, without holding an evidentiary

---

[2] The August 19, 2024 hearing was not reported and Son did not obtain an agreed or settled statement. (Cal. Rules of Court, rule 8.120(b).) Son's opening brief purports to include a summary of the proceeding based on counsel's "notes at the hearing and his best recollection." This does not constitute a record of the oral proceedings (see Cal. Rules of Court, rule 8.120(b)), and we disregard it. We note that even this purported summary does not indicate Son made any objection to the declarations and verified pleadings or any request for an evidentiary hearing.

3

hearing. (See *Farrant*, at p. 377 [where "appellant did not object to the probate court's consideration of affidavits and declarations[,] . . . [t]he probate court properly considered the affidavits and declarations"]; *Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620 [" 'The trustee's petition and [the objector's] written objections were both verified in the form of declarations under the penalty of perjury. [Citation.] Absent an objection, these documents were properly considered as evidence.' "].)

Contrary to Son's contention, this case is entirely unlike *Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, in which the probate court dismissed a petition "at a case management conference, without an evidentiary hearing or completion of discovery and without giving the [petitioner] notice that the conference could result in dismissal of the petition." (*Id.* at p. 425.) In contrast to *Dunlap*, there was no discovery pending or requested; the probate court issued a tentative ruling on the petitions and Son was granted the opportunity to respond to the tentative; the August 19 hearing was a (long) continued hearing on the petitions, not a case management conference; and, as noted, both parties relied on declarations and verified pleadings, with no record objection to the court's reliance on this evidence.

Because we find no error, we need not decide Son's arguments regarding prejudice.[3] To the extent Son challenges the trial court's findings of fact based on the evidence presented, he fails to establish that the findings lack substantial evidence.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

---

[3] We also need not decide alternative arguments raised by respondents Daughter and Grandchild.

4

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A171903)